IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Lloyd Tate, | Case No. 1:14 CV 2582 |
| Petitioner, | MEMORANDUM OPINION AND ORDER DISMISSING PETITION |
| -vs- | JUDGE JACK ZOUHARY |
| Jason Bunting, | |
| Respondent. | |

## INTRODUCTION

Lloyd Tate, a state prisoner, filed a Petition for Writ of Habeas Corpus asserting seven grounds for relief (Doc. 1). The case was referred to Magistrate Judge Kenneth McHargh for a Report and Recommendation ("R&R"). Respondent, Warden Jason Bunting, moved to dismiss the Petition (Doc. 11). Judge McHargh recommends this Court grant the Motion and dismiss the Petition as procedurally defaulted (Doc. 22). He also recommends this Court deny Tate's Motions: (1) for Appointment of Experts (Doc. 15); (2) for Appointment of Counsel (Doc. 16); (3) for an Evidentiary Hearing (Doc. 17); (4) to Proceed *In Forma Pauperis* (Doc. 18); and (5) for Financial Assistance (Doc. 19). Tate timely objected (Doc. 26). Having reviewed the R&R's conclusions *de novo*, *see* 28 U.S.C. § 636(b)(1) and *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981), this Court adopts the R&R and dismisses the Petition.

**BACKGROUND**

As Tate does not object to the facts and procedural history in the R&R (Doc. 22 at 3–11), this Court incorporates them by reference and briefly outlines the timeline of his state court appeals.

An Ohio jury convicted Tate of attempted murder and felonious assault. Each count carried a repeat-violent-offender specification. Tate appealed his conviction and sentence, arguing: (1) there was insufficient evidence he intended to cause injury; and (2) the trial court erred in sentencing him under the repeat-violent-offender specification. The appeals court affirmed. Ten months later, Tate filed a *pro se* motion for leave to file a late appeal, which the Ohio Supreme Court summarily denied (*id.* at 6–7).

Next, Tate petitioned the trial court for post-conviction relief, again challenging the repeat-violent-offender specification. The court denied that petition as untimely and barred by res judicata. The appeals court affirmed, and the Ohio Supreme Court declined jurisdiction (*id.* at 7–8).

Finally, Tate applied to reopen his direct appeal under Ohio Appellate Rule 26(B), claiming appellate counsel was ineffective for failing to raise five errors allegedly committed by trial counsel. The appeals court denied the application as untimely, and the Ohio Supreme Court declined jurisdiction (*id.* at 8–9).

**DISCUSSION**

The Petition asserts seven grounds for relief, including improper jury selection, ineffective assistance of both trial and appellate counsel, actual innocence, and insufficiency of the evidence (Doc. 1 at 7). The R&R recommends this Court grant the Motion to Dismiss Tate's claims as procedurally defaulted. Tate offers three objections that, together, address all seven grounds for relief.

First, Tate argues the R&R mischaracterizes his first ground for relief, which relates to jury selection. He contends his claim "was not the original selection of a juror, but the *removal* of a seated juror, without cause other than race, *of a Black female juror that was selected* to hear Tate's case" (Doc. 26 at 2) (emphasis in original). He then argues *Batson v. Kentucky*, 476 U.S. 79 (1986), and its progeny demand consideration of this claim. Tate misses the point. The R&R finds Tate failed to raise his *Batson* claim on direct appeal, and Ohio law now bars him from doing so in any post-conviction proceeding (Doc. 22 at 14). Tate fails to show -- or even argue -- that he raised his *Batson* claim on direct appeal. The first objection is overruled.

Second, Tate targets the R&R's analysis of his second, third, fourth, fifth, and seventh grounds for relief. The R&R finds Tate never raised his second ground before a state court, and therefore cannot do so now. It also finds the third, fourth, fifth, and seventh grounds are defaulted because Tate raised them either in his untimely direct appeal to the Ohio Supreme Court or in his untimely Rule 26(B) application. Tate objects to the R&R's conclusion that he failed to show good cause to excuse those defaults. But his argument is the same one he advanced before the Magistrate Judge: namely, his default should be excused because his attorney and the clerk of court failed to inform him of Rule 26(B)'s filing requirements and deadlines. This Court finds the R&R's rejection of this argument well-reasoned and overrules Tate's second objection for the reasons set forth in the R&R (*see* Doc. 22 at 18–21).

Third, Tate contests the R&R's conclusion that his sixth ground for relief -- he is "actually innocent of the repeat violent offender specification" (Doc. 1 at 7) -- is not cognizable on habeas corpus review because Tate cites only Ohio statutory and case law in support of his claim. The third objection is overruled for two reasons. First, Tate offers no rebuttal to the R&R's second, wholly

3

independent basis for dismissal: procedural default. Second, free-standing claims of actual innocence are not cognizable on habeas review "absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) (internal quotation marks omitted).

## CONCLUSION

This Court overrules Tate's Objection (Doc. 26) and adopts the R&R (Doc. 22). The Motion to Dismiss (Doc. 11) is granted. Tate's sundry Motions (Docs. 15–19) are denied as moot. Further, this Court certifies an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 20, 2016